

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00231-CR

IN RE:  CHRISTOPHER EARL RYMAN

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Christopher Earl Ryman has filed a document which asks this Court to order various court officials to take specific actions in connection with his pending criminal prosecutions in Delta County. We, therefore, will treat this as a petition for writ of mandamus asking this Court to require certain actions to be taken below.[1]

Ryman asks this Court to recuse the trial judge and to accept his plea of no contest in his community supervision revocation along with giving him credit for time served under his present federal incarceration. He alternatively suggests that if this Court does not find that acceptable, then we should issue an order to the federal warden to produce Ryman's body and require the prosecutor to show why Ryman might not enter such a plea.

Ryman's main complaint appears to be that Delta County is making no effort to end his community supervision period. In support of that, he makes the statement in his petition that the judge and his family had numerous business dealings with Ryman and had stated that he wanted to ensure that Ryman spend every day possible in his jail—and had, therefore, denied Ryman's offer to enter a plea.

The standard for mandamus relief articulated by the Texas Court of Criminal Appeals requires the relator to establish that (1) there is no adequate remedy at law to redress the alleged harm and (2) only a ministerial act, not a discretionary or judicial decision, is being sought. *State*

---

[1] The document is entitled "Application for Habeas Corpus Ad Testifican'dum Motion for Recusal of Magistrate Judge."

*ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007).

Ryman's central request is that the judge be recused.  The procedure for seeking recusal of a trial judge is set out in Rules 18a and 18b of the Texas Rules of Civil Procedure.  TEX. R. CIV. P. 18a, 18b.  There is no indication that Ryman has attempted to utilize that remedy.  Under these circumstances, Ryman has not shown us that the trial judge violated any mandatory duty that would justify our issuance of mandamus—therefore, this Court does not have separate authority to step into the shoes of a trial judge to issue such an order.  The remainder of Ryman's requests also involve actions that are properly pursued before a trial court—not an appellate court.

We deny the petition.


Bailey C. Moseley
Justice


Date Submitted:     November 6, 2013
Date Decided:       November 7, 2013

Do Not Publish